[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action to vacate an arbitration award.
Facts
The submission to the arbitration was as follows: "Is the termination of Carl Sylvester a grievable and arbitable issue?"
On January 3, 1991, the arbitrator issued the following award:
 The termination of Carl Sylvester is a grievable and arbitrable issue, provided that the facts specified in the opinion accompanying this award, or equivalent facts, are approved.
The parties had a contract, the collective bargaining agreement, which provided for arbitration at two levels. The first level is that provided in Section 9(a) of the contract which says:
 On grievances when arbitrability has been raised by either party as an issue prior to the actual appointment of an arbitrator, a separate arbitrator shall be appointed at the request of either party to determine the issue of arbitrability.
At the hearing and afterward the arbitrator was not "given . . . all the facts necessary to decide [the] "grievability/arbitrability issue" per page 3 of his award and opinion. He says he was asked only for "an advisory opinion" and that is what he gave. He contemplates another hearing on the single issue submitted to him.[1]
The arbitrator did not determine the facts to reach a conclusion as to issue of arbitrability.
The arbitration award, although labeled such, is not an award under 9(a) of the contract but merely an advisory opinion.
The purpose of our arbitration statute appears in Conn. Gen. Stat. 52-408 which provides:
 Agreements to arbitrate. An agreement in any written contract, or in a separate CT Page 3987 writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof, or a written provision in the articles of association or bylaws of an association or corporation of which both parties are members to arbitrate any controversy which may rise between them in the future, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable, except, when there exists sufficient cause at law or in equity for the avoidance written contracts generally.
That is, the juror is "to settle . . . any controversy". This "award" fails to settle the controversy about arbitrability. It is not "a mutual, final, definite award upon the subject matter submitted." Conn. Gen. Statutes 52-418 (a)(4).
The award is vacated. A rehearing is required and ordered. Conn. Gen. Stats. 52-418 (b) .
N. O'NEILL, J.